IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

| | |
|---|---|
| UNITED MINE WORKERS OF AMERICA INTERNATIONAL UNION and UNITED MINE WORKERS OF AMERICA, LOCAL UNION 8783<br>Plaintiffs,<br><br>v.<br><br>CORNERSTONE LABOR SERVICES, INC.;<br><br>Defendant. | CIVIL ACTION NO.: 5:21-cv-00411 |

1. This is a civil action for violation of the Worker Adjustment and Retraining Notification Act ("WARN Act"), 29 U.S.C. § 2101, et seq. brought by Plaintiffs as the labor representatives of Defendant's affected employees. 29 U.S.C. § 2105(a)(5). Defendant is liable under the WARN Act for the failure to provide Plaintiffs at least sixty days advance notice of Defendant's mass layoff or plant closing. Plaintiffs are seeking relief, including lost wages and benefits for each day of violation under the Act, reasonable attorney fees and costs, and any additional relief to which Plaintiffs are entitled. Plaintiffs further seek a trial by jury on all issues so triable.

**JURISDICTION**

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and § 2104 of the WARN Act, 29 U.S.C. § 2101, et seq.

**VENUE**

3. Venue is proper in the Southern District of West Virginia pursuant to 28 U.S.C. § 1391; and 29 U.S.C. § 2104(a)(5), in that the Defendant transacts business in this District and the events giving rise to this complaint occurred in this District.

**PARTIES**

4. Plaintiff, United Mine Workers of America International Union ("UMWA") is a labor organization and an unincorporated association within the meaning of § 2(5) of the National Labor Relations Act ("NLRA") (29 U.S.C. § 152(5)) that, at all times material herein, has been and remains the exclusive collective bargaining representative for coal miners employed by Defendant, within the meaning of § 2104(a)(5) of the WARN Act. The UMWA maintains its principal place of business at 18354 Quantico Gateway Drive, Triangle, VA 22172, and maintains offices within this judicial district in Beckley, Charleston, and Chapmanville, West Virginia.

5. Plaintiff, United Mine Workers of America, Local Union 8783 ("Local Union") is a labor organization and an unincorporated association within the meaning of § 2(5) of the NLRA (29 U.S.C. § 152(5)), and maintains headquarters at its Local Hall in this judicial district at Ike's Fork, Iaeger, McDowell County, West Virginia. Local Union 8783 is an autonomous affiliate of the UMWA International Union and, at all times material herein, has had responsibility for enforcement of the collective bargaining agreement between the UMWA and Defendant and has otherwise acted as a representative of Defendant's bargaining unit employees within the meaning of § 2104(a)(5) of the WARN Act.

6. Defendant Cornerstone Labor Services, Inc. ("Cornerstone Labor Services") is a corporation organized, existing, and authorized to do business under the laws of Virginia and incorporated in Virginia. It maintains its principal office at P.O. Box 1675, Ashland, VA 23005

and is registered as a foreign corporation in the state of West Virginia. At all relevant times, it has engaged in the business of mining, processing, transporting and/or selling coal in West Virginia. At all times material herein, Cornerstone Labor Services has been an "employer" within the meaning of § 2101(a)(1) of the WARN Act and has employed Plaintiffs' bargaining unit members at its mining operation at Coal Mountain Mine located in this judicial district at Coal Mountain, Wyoming County, West Virginia.

## FACTS

7. Defendant Cornerstone Labor Services operates Coal Mountain Mine in Coal Mountain, Wyoming County, West Virginia as an independent contractor pursuant to a January 27, 2017 Assignment of Mining Rights and Contract Mining Agreement between CM Energy Operations, LP, and Cornerstone Labor Services, Inc. A true and correct copy of the Assignment of Mining Rights and Contract Mining Agreement is attached hereto as Exhibit A.

8. On June 27, 2019, Defendant Cornerstone Labor Services and the UMWA executed a collective bargaining agreement captioned "Memorandum of Understanding" ("MOU"). The terms and conditions of the MOU were applied retroactively to January 27, 2017. A true and accurate copy of the MOU is attached hereto as Exhibit B.

9. Under the terms of the MOU, Defendant Cornerstone Labor Services agreed to adopt certain terms and conditions contained in the National Bituminous Coal Wage Agreement of 2016 ("NBCWA"). The MOU also expressly modified some of the terms of the NBCWA. A true and correct copy of the NBCWA is attached hereto as Exhibits C.

10. The Defendant, at all times material herein, employed approximately 124 individuals as full-time bargaining unit employees at the Coal Mountain Mine in Coal Mountain, West Virginia.

11. On or around December 28, 2019, Defendant Cornerstone Labor Services temporarily laid off all 124 bargaining unit employees working at Coal Mountain Mine, effective immediately.

12. On or before February 17, 2020, Defendant's Superintendent Todd Bradford called Local 8783 President Darren Kenneda and informed Mr. Kenneda that he wanted to meet. On or after February 17, 2020, Mr. Bradford recalled 102 bargaining unit employees to Coal Mountain Mine at an in-person meeting with Local 8783. Defendant did not recall twenty-two employees and, as a result, their temporary layoffs were converted to permanent layoffs.

13. On or around March 28, 2020, Defendant temporarily laid off all 102 of its bargaining unit employees working at the mine site.

14. On April 30, 2020, Mr. Bradford texted Mr. Kenneda and requested that members of Local 8783 attend a meeting to discuss the recall of bargaining unit employees to work. At the subsequent meeting that occurred on or around May 1, 2020, Mr. Bradford notified Local 8783 that on May 5, 2020, thirty-six bargaining unit employees would be recalled and sixty-six bargaining unit employees would be permanently laid off.

15. On or around May 5, 2020, Defendant recalled and realigned thirty-six of the temporarily laid off bargaining unit employees. Defendant did not recall sixty-six employees and, as a result, their temporary layoffs were converted to permanent layoffs.

16. On or around May 8, 2020, the sixty-six bargaining unit employees that were permanently laid off on or about May 5, 2020 filled out forms to be placed on a recall seniority roster referred to as a "panel" pursuant to Article XVII(d) of the NBCWA, which provides that "[e]mployees who are idle because of a reduction in the working force shall be placed on a panel from which they shall be returned to employment on the basis of seniority." *See* Exhibit C at p. 25.

Filling out panel forms is the contractual method by which laid off employees preserve their right to be recalled.

17. The affected bargaining unit employees were laid off for more than six months and suffered an employment loss within the meaning of § 2101(a)(6) of the WARN Act.

18. The March 28, 2020 layoff constitutes a "mass layoff" or "plant closing" within the meaning of § 2101(a)(3) and 2101(a)(2) of the WARN Act.

19. Defendant did not give notice to the laid off bargaining unit employees through their labor representatives Plaintiffs UMWA or Local Union 8783 sixty days prior to ordering the mass layoff or plant closing described above, as required by § 2102(a)(1) of the WARN Act.

20. The laid off bargaining unit employees are "aggrieved employees" within the meaning of § 2104(a)(7) of the WARN Act, and are entitled to damages for certain wages and benefits that Defendant did not already provide.

21. Because Defendants failed to comply with the notice requirements in §2102(a)(2) of the WARN Act, bargaining unit employees never received a timely, written notification that included all the information prescribed by the WARN Act's regulatory scheme as set forth in 20 C.F.R. § 639.7 (2020).

22. Upon information and belief, Defendant also failed to give notice of the mass layoff or plant closing to any State or local government entity, as required by § 2102(a)(2) of the WARN Act.

## COUNT I

23. Plaintiffs reallege the allegations set forth in paragraphs 1 through 22 of the Complaint as if fully set forth herein.

24. Defendant is liable under § 2104(a) of the WARN Act for lost wages and benefits owed to the aggrieved bargaining unit employees at the Coal Mountain Mine as a result of its decision to engage in a mass layoff/plant closure on or about March 28, 2020 without providing the statutorily required notification to Plaintiffs.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs respectfully pray that they be awarded judgment against the Defendant in an amount sufficient to compensate each and every aggrieved bargaining unit employee deemed entitled to lost wages and benefits for each day of violation under the Act pursuant to § 2104(a); and, for reasonable attorney fees and costs herein expended pursuant to § 2104(a)(6), and for any additional relief to which they may appear entitled.

Plaintiffs request a trial by jury on all issues so triable.

Respectfully Submitted,

/s/ Kevin F. Fagan
Kevin F. Fagan, Esquire - WVSB No. 5216
United Mine Workers of America
18354 Quantico Gateway Drive, Suite 200
Triangle, Virginia 22172
(703) 291-2418
(703) 291-2448 (fax)
Email: kfagan@umwa.org

## **CERTIFICATE OF SERVICE**

I do hereby certify that a true and correct copy of the within **COMPLAINT** with a request to waive service of summons has been served on the Defendant at the address listed below by placing same in the U.S. mail, first class, postage prepaid, this 22nd day of July, 2021:

John Madison
Cornerstone Labor Services, Inc.
P.O. Box 1675
Ashland, VA 23005

*Counsel for Plaintiff*
_____/s/ Kevin F. Fagan_____
Kevin F. Fagan, WVSB No. 5216